IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 2:18-CR-105-RLJ-HBG |
| JERRY LEE CRAIG, and<br>BRADLEY SHAWN CRAIG, | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on Defendant Bradley Craig's Motion to Continue Trial Date and Various Deadlines [Doc. 20], filed on September 26, 2018. In this motion, the Defendant asks to continue the November 6, 2018 trial date and other deadlines in order to give defense counsel additional time to prepare for trial. He states that the discovery is voluminous, involves around one terabyte of data, and includes information seized during the execution of several search warrants. He also contends that this case is complex, due to the nature of the criminal allegations, the amount of discovery, the legal issues involved, and the number of potential witnesses. Defendant Bradley Craig states that counsel has requested and is awaiting Sixth Circuit approval of investigatory services. The motion relates that the Government does not object to the continuance. Codefendant Jerry Craig filed a notice [Doc. 20], stating that he also does not object to the requested continuance.

The undersigned conducted a telephone conference on the motion on October 3,

1

2018.  Assistant United States Attorney Nancy Stallard Harr participated on behalf of the Government.  Assistant Federal Defender Nikki C. Pierce represented Defendant Jerry Craig. Attorney David L. Leonard represented Defendant Bradley Craig.  The parties confirmed their positions, as stated in the motion and notice.  Both Mr. Leonard and AUSA Harr said that they expect this case to go to trial.  Ms. Pierce and Mr. Leonard stated that their clients are waiving their speedy trial rights in relation to the requested continuance.  The parties agreed on a new trial date of April 9, 2019.

The Court finds the motion to continue the trial and other deadlines to be unopposed and well-taken.  The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial.  18 U.S.C. § 3161(h)(7)(A). The sixteen-page Indictment [Doc. 1] charges the Defendants with forty-eight counts:  One count of transporting stolen goods in interstate commerce, sixteen counts of altering or removing vehicle identification numbers, twenty counts of sale or receipt of stolen vehicles, nine counts of being a felon in possession of firearms or ammunition, one count of possession of a stolen firearm, and one count of trafficking in counterfeit goods (operating a chop shop).  These crimes are alleged to have occurred in April 2017 in Tennessee and Virginia.  Mr. Leonard states and AUSA Harr confirms that the discovery in this case is voluminous, comprising one terabyte of data and involving items seized in the execution of search warrants.

The Court finds that defense counsel need time to review the voluminous discovery, to consult with their clients, to investigate the case, to locate and interview witnesses, and to research and prepare pretrial motions.  Once any pretrial motions are litigated, counsel will need time to prepare the case for trial.  Given the nature and amount of discovery in this case, the Court finds that counsel cannot be prepared for trial on November 6 or in less than six months.  Thus,

without a continuance, defense counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the Motion to Continue the Trial and Various Deadlines [**Doc. 20**] is **GRANTED**. The trial is reset to **April 9, 2019**. The Court finds that all the time between the filing of Defendant Bradley Craig's motion on September 26, 2018, and the new trial date of April 9, 2019, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). With regard to additional scheduling in this case, the Court extends the deadline for filing pretrial motions to **January 3, 2019**. Responses to motions are due on or before **January 17, 2019**. The parties are to appear before the undersigned for a motion hearing on all pending pretrial motions on **January 24, 2019, at 9:30 a.m.** A final pretrial conference is set for **March 12, 2019, at 10:00 a.m.** This date is also the deadline for the Defendants to provide reciprocal discovery. The deadline for concluding plea negotiations is extended to **April 2, 2019.** The Court instructs the parties that all motions *in limine* must be filed no later than **March 11, 2019**. Special requests for jury instructions shall be submitted to the District Judge no later than **March 15, 2019,** and shall be supported by citations to authority pursuant to Local Rule 7.4.

The Court **ORDERS** as follows:

(1) Defendant Bradley Craig's Motion to Continue Trial Date and Various Deadlines [**Doc. 20**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **April 9, 2019**, **at 9:00 a.m.**, before the Honorable R. Leon Jordan, United States District Judge;

(3) All time between the filing of the motion on **September 26, 2018**, and the new trial date of **April 9, 2019**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions is extended to **January 3,**

**2019**;

(5) Responses to motions are due on or before **January 17, 2019**;

(6) The parties are to appear before the undersigned for a motion hearing on all pending pretrial motions on **January 24, 2019, at 9:30 a.m.**;

(7) The Court set a final pretrial conference for **March 12, 2019, at 10:00 a.m. March 12, 2019**, is also the deadline for providing reciprocal discovery;

(8) Motions *in limine* must be filed no later than **March 11, 2019**; and

(9) Special requests for jury instructions with appropriate citations shall be submitted to the District Judge by **March 15, 2019**.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge