# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JERRY LEE CRAIG, and )<br>BRADLEY SHAWN CRAIG, )<br>)<br>Defendants. ) | No. 2:18-CR-105-RLJ-HBG |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the Defendants' Joint Motion to Continue Motion Deadline, Pretrial Conference, Plea Deadline and Trial Date [Doc. 28], filed on December 20, 2018. In this motion, the Defendants ask to continue the April 9, 2018 trial date and other deadlines in order to give defense counsel additional time to review the discovery with the Defendants, to prepare and litigate pretrial motions, and to prepare the case for trial. The motion relates that discovery is voluminous and could not be disclosed and discussed with the Defendants until redacted, a process that was completed on November 15, 2018. Counsel contend they have not had sufficient time to confer with their clients about discovery, pretrial motions, and possible defenses. They note that this case involves the execution of several search warrants, which may give rise to suppression motions. The Defendants argue that this case is complex, requiring additional time for counsel to provide effective assistance. They assert that the complexity of the case has required expert services in excess of the case compensation maximum. The motion relates that the Government does not object to the continuance.

The undersigned conducted a telephone conference on the motion on January 7,

2019. Assistant United States Attorneys Andrew Cheatham Parker and Robert M. Reeves participated on behalf of the Government. Assistant Federal Defender Nikki C. Pierce represented Defendant Jerry Craig. Attorney David L. Leonard represented Defendant Bradley Craig. The parties confirmed their positions, as stated in the motion. Ms. Pierce said that the work on this case is "front-loaded," because the case involves multiple search warrants that will give rise to dispositive motions. Mr. Leonard argued that this case is complex for speedy trial purposes due to the number and complexity of the charges and the number of witnesses. Ms. Pierce and Mr. Leonard stated that their clients are waiving their speedy trial rights in relation to the requested continuance. The parties agreed on a new trial date of July 30, 2019.

The Court finds the motion to continue the trial and other deadlines to be unopposed and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The sixteen-page Indictment [Doc. 1] charges the Defendants with forty-eight counts: One count of transporting stolen goods in interstate commerce, sixteen counts of altering or removing vehicle identification numbers, twenty counts of sale or receipt of stolen vehicles, nine counts of being a felon in possession of firearms or ammunition, one count of possession of a stolen firearm, and one count of trafficking in counterfeit goods (operating a chop shop). These crimes are alleged to have occurred in April 2017 in Tennessee and Virginia. The parties relate that the discovery in this case is voluminous, comprising one terabyte of data and involving items seized in the execution of multiple search warrants. Additionally, defense counsel could not review the discovery with their clients until it was redacted, a process that took until mid-November 2018. Accordingly, the undersigned deems this case to be complex for purposes of the Speedy Trial Act, due to the nature of the instant prosecution with respect to the number and complexity of the charges, the voluminous discovery, and the anticipated dispositive motions. 18 U.S.C. §

3161(h)(7)(B)(ii). As such, the Court finds "that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself with in the time limits established" in the Act. 18 U.S.C. § 3161(h)(7)(B)(ii).

The Court also finds that defense counsel need time to complete review of discovery with the Defendants, to consult with their clients, to investigate the case, to locate and interview witnesses, and to research and prepare pretrial motions. Once any pretrial motions are litigated, counsel will need time to prepare the case for trial. Given the nature and amount of discovery in this case, the Court finds that counsel cannot be prepared for trial on April 9 or in less than seven months. Thus, without a continuance, defense counsel would not have the reasonable time necessary to prepare for trial, despite their use of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the Joint Motion to Continue Motion Deadline, Pretrial Conference, Plea Deadline and Trial Date [**Doc. 28**] is **GRANTED**, and the trial is reset to **July 30, 2019**. The Court finds that all the time between the filing of the motion on December 20, 2018, and the new trial date of July 30, 2019, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). With regard to additional scheduling in this case, the Court extends the deadline for filing pretrial motions to **March 1, 2019**. Responses to motions are due on or before **March 15, 2019**. The parties are to appear before the undersigned in Greeneville, Tennessee, for a motion hearing on all pending pretrial motions on **April 8, 2019, at 10:00 a.m.** A final pretrial conference is set for **July 10, 2019, at 11:00 a.m.**, and will be conducted by video teleconference. This date is also the deadline for concluding plea negotiations and providing reciprocal discovery. The Court instructs the parties that all motions *in limine* must be filed no later than **July 15, 2019**. Special requests for jury instructions shall be submitted to the District Judge no later than **July 19, 2019,** and shall be supported by citations to authority

pursuant to Local Rule 7.4.

The Court **ORDERS** as follows:

(1) The Joint Motion to Continue Motion Deadline, Pretrial Conference, Plea Deadline and Trial Date [**Doc. 28**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **July 30, 2019**, at **9:00 a.m.**, before the Honorable R. Leon Jordan, United States District Judge;

(3) The Court declares this case to be complex for purposes of the Speedy Trial Act;

(4) All time between the filing of the motion on **December 20, 2018**, and the new trial date of **July 30, 2019**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(5) The deadline for filing pretrial motions is extended to **March 1, 2019**, and responses to motions are due on or before **March 15, 2019**;

(6) The parties are to appear before the undersigned at the James H. Quillen United States Courthouse in Greeneville, Tennessee, for a motion hearing on all pending pretrial motions on **April 8, 2019, at 10:00 a.m.**;

(7) The Court will hold a final pretrial conference by video teleconference on **July 10, 2019, at 11:00 a.m**. This date is also the new deadline for concluding plea negotiations and providing reciprocal discovery;

(8) Motions *in limine* must be filed no later than **July 15, 2019**; and

(9) Special requests for jury instructions with appropriate citations shall be submitted to the District Judge by **July 19, 2019**.

**IT IS SO ORDERED.**

ENTER:

/s/ Bruce Guyton
United States Magistrate Judge