IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:18-CR-105-RLJ-HBG |
| ) | |
| JERRY LEE CRAIG, and ) | |
| BRADLEY SHAWN CRAIG, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The parties came before the undersigned on November 22, 2019, for an arraignment on the First Superseding Indictment [Doc. 119] and a motion hearing on the Defendants' Joint Motion for Issuance of Subpoena Duces Tecum [Doc. 118] and Defendant Bradley Craig's Request for Bail Hearing [125, SEALED]. Assistant United States Attorney Andrew Cheatham Parker and Intern Hunter Shelton participated on behalf of the Government. Assistant Federal Defender Nikki C. Pierce represented Defendant Jerry Craig. Attorney David L. Leonard represented Defendant Bradley Craig. Both Defendants were also present.

Following the arraignment, the Court inquired about the December 10, 2019 trial date in this case. Ms. Pierce requested a trial continuance. She noted that the Court presently has the Defendants' pretrial motions, including dispositive motions, under advisement. She observed that the Joint Motion for Issuance of Subpoena Duces Tecum presently before the Court is related to the suppression issues. Ms. Pierce stated that once the Court issued a report and recommendation on the pending dispositive motions, the parties would need time to file objections, before the District Judge could rule on the motions. She agreed that Defendant Jerry Craig is

waiving his speedy trial rights in relation to the oral motion to continue the trial.

Mr. Leonard related that Defendant Bradley Craig is not opposed to continuing the trial in order to allow for a ruling on the pending motions. He noted that this is a complicated case. After consulting with Defendant Bradley Craig, Mr. Leonard stated that his client is also waiving his speedy trial rights in relation to the motion. AUSA Parker said the Government had no objection to a trial continuance. The parties agreed on a new trial date of May 12, 2020.

The Court finds Defendant Jerry Craig's oral motion to continue the trial to be unopposed and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). First, the Court observes that the charges in this case are extensive and complex. The seventeen-page First Superseding Indictment [Doc. 119] charges the Defendants with forty-eight counts: One count of transporting stolen goods in interstate commerce, sixteen counts of altering or removing vehicle identification numbers, twenty counts of sale or receipt of stolen vehicles, nine counts of being a felon in possession of firearms or ammunition, one count of possession of a stolen firearm, and one count of trafficking in counterfeit goods (operating a chop shop).

The Court previously found [Doc. 31] this case to be complex for purposes of the Speedy Trial Act, due to the nature of the instant prosecution with respect to the number and complexity of the charges, the voluminous discovery, and the anticipated dispositive motions. 18 U.S.C. § 3161(h)(7)(B)(ii). Defendants have filed fifteen pretrial motions, including four motions to suppress evidence and a motion to dismiss charges. The Court heard evidence and argument on the motions on August 6, and 14, 2019. The parties filed post-hearing briefs [Docs. 115-17] on October 2, 2019, after several extensions to obtain dispatch records and logs in order to establish the timing of VIN inquiries during the execution of a search warrant at the Defendants' properties.

The Motion for Subpoena Duces Tecum [Doc. 118] states the dispatch recordings contained no VIN number inquiries, despite testimony at the evidentiary hearing that such VIN inquiries were made, at least with regard to lawn mowers. The motion relates that defense counsel learned that officers may check VIN numbers from their vehicles by emailing the Federal Bureau of Investigation ("FBI"), which controls the NCIC database. However, defense counsel contend that they cannot obtain these records from the FBI without a subpoena duces tecum. The Court heard argument on this motion at the hearing. In light of the unresolved quest for records of VIN inquiries, the Court finds that additional time is needed to litigate the pretrial motions.

Once any additional evidence is obtained, the Court will need time to prepare reports and recommendations on the dispositive motions and to rule on the non-dispositive motions. 18 U.S.C. § 3161(h)(1)(H). Thereafter, the parties will need time to file and respond to objections to the reports and recommendations, and the District Judge will need time to rule. 18 U.S.C. § 3161(h)(1)(H). Finally, the parties will need time to prepare the case for trial in light of the rulings on motions. Given the number and complexity of the issues raised in the pretrial motions, the Court finds that counsel cannot be prepared for trial on December 10 or in less than five and one-half months. Thus, without a continuance, defense counsel would not have the reasonable time necessary to prepare for trial, despite their use of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, Defendant Jerry Craig's oral motion to continue the trial, which is not opposed by Defendant Bradley Craig or the Government, is **GRANTED**, and the trial is reset to **May 12, 2020**. The Court finds that all the time between the filing of the Motion for Issuance of a Subpoena Duces Tecum on October 3, 2019, and the new trial date of May 12, 2020, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & -(7)(A)-(B). With regard to additional scheduling in this case, the

parties are to appear before the undersigned for a final pretrial conference on **April 27, 2020, at 10:00 a.m.** The location of this hearing is to be determined. **April 27, 2020**, is also the deadline for concluding plea negotiations, providing reciprocal discovery, and filing motions *in limine*. Requests for special jury instructions shall be filed no later than **May 1, 2020,** and shall be supported by citations to authority pursuant to Local Rule 7.4.

The Court **ORDERS** as follows:

(1) Defendant Jerry Craig's unopposed oral motion to continue the trial is **GRANTED**;

(2) The trial of this matter is reset to commence on **May 12, 2020**, **at 9:00 a.m.**, in Knoxville, Tennessee, before the Honorable R. Leon Jordan, United States District Judge;

(3) All time between the filing of the motion for a subpoena duces tecum on **October 3, 2019**, and the new trial date of **May 12, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The Court will hold a final pretrial conference on **April 27, 2020, at 10:00 a.m**. This date is also the new deadline for concluding plea negotiations, providing reciprocal discovery, and filing motions *in limine*; and

(5) Requests for special jury instructions with appropriate citations must be filed on or before **May 1, 2020**.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge